IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH COUNTS, #43692-509,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 24-cv-02365-JPG |
| | ) |
| **NANCY J. ROSENSTENGEL** | ) |
| **and JEFF GOLDFARB,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Joseph Counts, a detainee at Jefferson County Justice Center located in Mount Vernon, Illinois, brings this action against Chief District Judge Nancy J. Rosenstengel to challenge the denial of his motion for leave to appeal *in forma pauperis* (IFP) in *Counts v. Sheriff*, Case No. 3:24-cv-01755-NJR (S.D. Ill.), and against Attorney Jeff Goldfarb for allegedly providing ineffective assistance of counsel in *USA v. Joseph P. Counts*, Case No. 3:21-cr-30068-SPM-1 (S.D. Ill.). Counts seeks money damages against both defendants. (Doc. 1).

The Complaint is before the Court for screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Counts brings this action against Chief District Judge Nancy J. Rosenstengel, who denied Counts' petition for writ of habeas corpus brought under 28 U.S.C. § 2241 and denied his IFP motion on appeal in *Counts v. Sheriff*, Case No. 3:24-cv-01755-NJR (S.D. Ill. filed July 22, 2024) (habeas case), and against Attorney Jeff Goldfarb, who allegedly provided him with ineffective assistance of counsel in *USA v. Joseph P. Counts*, Case No. 3:21-cr-30068-SPM-1 (S.D. Ill.) (criminal case).

In his habeas case, Counts challenged a pretrial detention order that District Judge Stephen McGlynn entered in his pending criminal case. (Doc. 1, habeas case). Chief Judge Rosenstengel dismissed the habeas petition on July 25, 2024. (Doc. 5, habeas case). Counts appealed. (Doc. 12, habeas case). He also requested leave to proceed IFP on appeal. (Doc. 18, habeas case). Chief District Judge Rosenstengel denied the IFP motion on October 8, 2024, after finding that the appeal was taken in bad faith. (Doc. 20, habeas case). Rather than reapply for IFP with the Seventh Circuit Court of Appeals within thirty days (by November 7, 2024),[1] Counts filed this lawsuit. *Id*.

In this case, Counts now claims that Chief District Judge Rosenstengel wrongfully denied his IFP motion, in violation of his Fourth Amendment right to be free from "malicious recessive [sic] force." (Doc. 1). He also claims that Attorney Goldfarb violated his constitutional rights by providing him with ineffective assistance of counsel in his criminal case. *Id*.

**Discussion**

Counts already brought a civil rights action for money damages in this District against the two federal judges who presided over his criminal and habeas cases, including Chief District Judge

---

[1] The Order Denying IFP instructed Counts to either prepay the $605.00 appellate filing and docketing fee *or* "reapply for leave to appeal IFP directly with [the] United States Court of Appeals for the Seventh Circuit within the 30-day deadline." (*Id*. at 3) (citing FED. R. APP. P. 24(a)(5); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998).

Rosenstengel. *See Counts v. McGlynn, et al.*, Case No. 3:24-cv-02212-SMY (S.D. Ill. Sept. 23, 2024) (prior civil action). Counts sued District Judge Stephen McGlynn and Chief District Judge Rosenstengel "in their capacity as U.S. federal judges." (Doc. 1, prior civil action). He sought review of Judge McGlynn's decision to issue a pretrial detention order in his pending criminal case, and he also claimed that Chief District Judge Rosenstengel used "recessive [sic] force" when denying his petition for writ of habeas corpus. *Id*. District Judge Staci M. Yandle reviewed the Complaint and noted that Counts' claims rested entirely on his disagreement with judicial decisions that "fell within the purview of absolute immunity for 'judicial acts.'" (Doc. 6, prior civil action) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. 335, 347 (1871); *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004) (absolute judicial immunity shields judicial actors from liability for civil damages arising out of the performance of their judicial functions); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001)). Judge Yandle dismissed the prior civil action with prejudice on October 10, 2024. (Doc. 6, prior civil action).

Counts' current claim against Chief District Judge Rosenstengel also rests on a judicial decision—specifically, the decision to deny his application for IFP on appeal in the habeas case. (Doc. 20, habeas case). Counts cannot pursue his claim for money damages against Chief District Judge Rosenstengel because absolute judicial immunity shields the judge from liability for civil damages arising out of the performance of her judicial functions. Her denial of the IFP motion was just that, and all claims against Chief District Judge Rosenstengel are dismissed with prejudice.

Counts also cannot pursue his claims for ineffective assistance of counsel against Attorney Goldfarb because the private defense attorney is not a "state actor" who is subject to this suit for

3

money damages. *See* 42 U.S.C. § 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. *Id*. A private attorney is not a state actor or acting under color of state law for purposes of § 1983. *French v. Corrigan*, 432 F.2d 1211, 1214-15 (7th Cir. 1970), *cert. denied*, 401 U.S. 915 (1971). Counts' claims for money damages against Attorney Goldfarb fail.

The Complaint does not survive screening under 28 U.S.C. § 1915A. The Court has considered whether to allow an amendment and declines to do so here. The claims are legally frivolous, so an amendment would be futile. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). This action will be dismissed with prejudice. The dismissal also counts as one or three "strikes" that Counts is allowed under 28 U.S.C. § 1915(g).

## **IFP Motion**

Counts filed a Motion for Leave to Proceed *in forma pauperis* in this new case. (Doc. 3). The Prison Litigation Reform Act requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If the prisoner cannot afford to pay the full fee up front, he may instead submit an IFP application seeking leave to pay the fee over time. *See* 28 U.S.C. §§ 1915(a)(1)-(2). If the Court reviews the inmate's IFP application and grants it, the Court will then assess an initial partial filing fee based on his recent income and ongoing "monthly payments of 20 percent of the preceding month's income credited to [his] account." 28 U.S.C. §§ 1915(b)(1)-(2).

Counts indicates that he is indigent. He is currently detained, unemployed, without assets, and facing a child support obligation, among other financial obligations. (Doc. 3). Based on the information provided, the IFP motion (Doc. 3) is **GRANTED**.

4

The Court cannot assess an initial partial filing fee at this time, however, because Counts has not yet provided a complete six-month trust fund account history. Accordingly, the agency having custody of Counts is **DIRECTED** to remit payment of the $350.00 filing fee from his prison trust fund account, if such funds are available. If he does not have $350.00 in his account, the agency must send an initial payment of 20% of the current balance *or* the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Counts' trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $350.00 is paid in its entirety. The agency having custody of Counts shall forward payments from his account to the Clerk of Court each time the Counts' account exceeds $10.00 until the $350.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Jefferson County Justice Center.

## Disposition

The Complaint (Doc. 1) is **DISMISSED** with prejudice because it is legally frivolous, fails to state a claim for relief, and names one or more defendants who are immune from this suit for money damages.

Counts is **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If he wishes to appeal this Order, Counts must file a Notice of Appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. CIV. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after

the entry of the judgment, and this 28-day deadline cannot be extended.

If Counts chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  See FED. R. CIV. P. 3(e); 28 U.S.C. § 1915(b); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  A motion for leave to appeal IFP must set forth the issues Counts plans to present on appeal.  See FED. R. APP. P. 24(a)(1)(C).  If the appeal is found to be nonmeritorious, Counts may incur another strike under 28 U.S.C. § 1915(g).

The Clerk's Office is directed to **ENTER** judgment and **CLOSE** this case.

**IT IS SO ORDERED**.

**DATED: 10/31/2024**

s/J. Phil Gilbert  
**J. PHIL GILBERT**  
**United States District Judge**